No. 3604.—STATE OF LOUISIANA, ex rel. BOARD OF SCHOOL DIRECTORS of the Parish of Bossier, *v.* JAMES GRAHAM, Auditor.

School directors of any parish district or ward may be removed from office by the State Board of Education on charges of negligence, incompetency, or violation of law, after a due hearing and fair trial. The removal of any director by telegram issued by the State Superintendent, or the district superintendent, or by the order of either of them, is absolutely null and void. The Auditor of Public Accounts can not, therefore, refuse to issue warrants in favor of such directors for school moneys belonging to their district on the grounds that he has been notified that they have been removed from office by the State Superintendent.

APPEAL from the Eighth District Court, parish of Orleans. *Emerson,* Judge of the Third District Court, presiding in the Eighth, in place of Dibble, Judge, absent. *Dennie & Belden,* for relator, appellee. *William Grant,* for the Governor, appellant.

WYLY, J. The Governor of the State has appealed from the judgment rendering peremptory the mandamus sued out by the relators to compel the Auditor to issue to them, in their representative capacities, warrants to the amount of $37,519 07 claimed by them to be due from the State treasury to the parish of Bossier for public schools.

Auditor Graham, the defendant, has not appealed.

The answer sets up two grounds of defense only:

*First*—The Auditor avers "that he has hitherto acknowledged the relators as the school board of the parish of Bossier, but that on the first day of October last and since he has been notified by J. Sella Martin, Superintendent of Education, Fourth Division of Louisiana, that they have been removed, and like information has been given him by the Secretary of the State Superintendent of Education, and in view thereof he declines to exercise any discretion in the premises, and having notified the State Board of Education of the demand herein, he prays his action be affirmed.

*Second*—And respondent, for further cause, sets forth that the orders or certificates presented by relators are not signed as required by law, and he can not issue his warrants for the same as the relators demand."

It is not denied that the amount for which warrants are demanded is due the school directors of the parish of Bossier, besides the fact is shown affirmatively. It is shown that the relators are the school directors of said parish, that they were duly appointed and qualified, and that their term of office has not expired. The effort to show their removal from office is a failure. Neither the telegram of the State Superintendent of Education nor the letter of the Superintendent of the Fourth Division could divest the relators of office, because the law declares that "the State Board of Education shall have power to remove any parish or district school director for negligence, incompetency or violation of law, after a due hearing and fair trial." Ray's Digest, 533, section 29. It is not shown that the State Board has ever

removed the relators from office, and the attempt to do so by unauthorized parties is utterly void.

The second ground of defense is also untenable. The "orders or certificates presented by the relators" are signed by the Secretary of the State Superintendent of Education, and this must be deemed sufficient, because it is not denied that the apportionment stated in said certificates is correct. It is not denied that the parish of Bossier is entitled to the amount of warrants claimed, but the main contest seems to be as to the authority of the relators to receive the warrants in view of their alleged removal from office.

As to the irregularities complained of by the appellant in the proceeding by mandamus against the State Superintendent of Education by which the relators obtained the certificate of apportionment, we will remark that the judgment therein has not been appealed from; that it was duly executed, and its correctness can not be examined in revising the appeal in this case.

Judgment affirmed.